UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORCINUS HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONOSS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 18-CV-06199-LHK<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 48 |

Plaintiff Orcinus Holdings, LLC filed a patent infringement suit against Defendant Synchronoss Technologies, Inc. Plaintiff alleged that Defendant infringes claims of U.S. Patent No. 7,567,541 ("the '541 Patent"). The Court granted Defendant's motion to dismiss the '541 Patent claims for failure to recite patent-eligible subject matter under 35 U.S.C. § 101. Before the Court is Defendant's motion for attorney's fees pursuant to 35 U.S.C. § 285. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion for attorney's fees.

**I.  BACKGROUND**

Plaintiff is a wholly owned subsidiary of Dropbox Inc. ("Dropbox") and is a Delaware corporation with its principal place of business in San Francisco, California. ECF No. 1 ¶ 1.

1

Dropbox was founded in June 2007 "as a simple way for people to access their files wherever they are and share them easily." *Id.* at ¶ 9.

Defendant is a Delaware corporation with its principal place of business in Bridgewater, New Jersey, and conducts business from a permanent physical location in San Jose, California. *Id.* at ¶¶ 2, 6. Defendant sells its "Personal Cloud" product "as a white-label data backup and transfer solution to network operators or service providers, such as Verizon." *Id.* at ¶ 13.

On June 20, 2018, in *Dropbox, Inc. v. Synchronoss Technologies, Inc.* ("the Dropbox Action"), Dropbox filed a related patent infringement suit asserting the '541 Patent as well as U.S. Patent No. 6,058,399 and U.S. Patent No. 6,178,505. Case No. 18-CV-03685-LHK, ECF No. 1. On August 13, 2018, in the Dropbox Action, Defendant filed a motion to dismiss. *Id.*, ECF No. 24. On August 27, 2018, Dropbox filed an opposition. *Id.*, ECF No. 27. On September 4, 2018, Defendant filed a reply. *Id.*, ECF No. 31.

On October 18, in the Dropbox Action, Dropbox filed a motion to amend the complaint. *Id.*, ECF No. 46. In its motion to amend the complaint, Dropbox sought to "remove its assertion of U.S. Patent No. 7,567,541 . . . from this lawsuit" because Dropbox's wholly-owned subsidiary, Orcinus Holdings LLC (i.e., Plaintiff), was going to assert that patent in another case (i.e., the instant action). *Id.*, ECF No. 46 at 1.

On October 10, 2018, Plaintiff filed the instant patent infringement suit asserting just the '541 Patent against Defendant. ECF No. 1. November 5, 2018, Defendant filed the instant motion to dismiss, incorporating the briefing from the Dropbox Action. ECF No. 27. On November 9, 2018, Plaintiff filed an opposition, incorporating the briefing from the Dropbox Action. ECF No. 32. On November 16, 2019, Defendant filed a reply, incorporating the briefing from the Dropbox Action. ECF No. 33.

On April 4, 2019, the Court granted Defendant's motion to dismiss. ECF No. 44. The Court then entered judgment in favor of Defendant. ECF No. 45.

On April 18, 2019, Defendant filed the instant motion for attorney's fees. ECF No. 48 ("Mot."). On May 2, 2019, Plaintiff filed its opposition, ECF No. 51 ("Opp."), and on May 9,

2
Case No. 18-CV-06199-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

1    2019, Defendant filed its reply.  ECF No. 52 ("Reply").

## II. LEGAL STANDARD

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in patent litigation.  The United States Supreme Court established the governing standard for determining whether an award of attorney's fees is appropriate in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).  In *Octane*, the United States Supreme Court held that an exceptional case under § 284 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id.* at 554.  District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.*  "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  *Id.* at 555.  Ultimately, the decision of whether to award attorney's fees is left to the Court's discretion and is reviewed on appeal only for abuse of discretion.  *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014).

## III. DISCUSSION

For purposes of the instant motion, it is undisputed that Defendant was the prevailing party because the Court granted Defendant's motion to dismiss.  Defendant argues that the instant case is an exceptional one meriting an award of attorney's fees because of the substantive weakness of Plaintiff's litigating position and because Plaintiff pursued this litigation in an unreasonable manner.  The Court finds neither argument persuasive.

In the instant case, the Court's order granting Defendant's motion to dismiss required significant analysis of Plaintiff's patent and recent United States Supreme Court and Federal Circuit case law in a complex and rapidly developing area of the law.  *See Orcinus Holdings, LLC v. Synchronoss Techs., Inc.*, 379 F. Supp. 3d 857 (N.D. Cal. 2019).  Specifically, the Court granted the motion to dismiss because Plaintiff's patent failed to claim patent-eligible subject matter under

3

Case No. 18-CV-06199-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

35 U.S.C. § 101. *Id.* at 861. The United States Supreme Court's ruling in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), significantly changed the law on patentable subject matter under Section 101, and the law in this area has continued to develop since *Alice*.

This Court's order dismissing Plaintiff's complaint explained that "[n]either the U.S. Supreme Court nor the Federal Circuit has set forth a bright-line test separating abstract ideas from concepts that are sufficiently concrete so as to require no further inquiry" under *Alice*. *Orcinus*, 379 F. Supp. 3d at 867–68. Furthermore, although Federal Circuit precedent has clarified that information itself is intangible, "the determination of whether other types of computer-implemented claims are abstract has proven more 'elusive.'" *Id.* at 868. Thus, "courts considering computer-implemented inventions have taken varied approaches to determining whether particular claims are directed to an abstract idea." *Id.* The Court also relied in part on case law that developed even after Defendant filed its motion to dismiss. *See id.* at 878 (citing *Univ. of Florida Research Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1368 (Fed. Cir. 2019)).

In the instant case, this Court's rejection of Plaintiff's arguments is insufficient to merit finding the case exceptional. "[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (quoting *Octane*, 572 U.S. at 548). Because this is such a complex and rapidly developing area of the law, Plaintiff's position was not exceptionally meritless nor were Plaintiff's claims brought in subjective bad faith. *See Papst Licensing Gmbh & Co. v. Xilinx Inc.*, 2016 WL 4398376, at *3 (N.D. Cal. Aug. 18, 2016) (denying motion for attorney's fees in part because judgment on the pleadings under Section 101 was granted "in a complex and developing area of law"); *see also Gametek LLC v. Zynga, Inc.*, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (declining to find case exceptional because plaintiff's litigating position, although weak, "did not, however, descend to the level of frivolous argument or objective unreasonableness").

Unlike in *Inventor Holdings*, the instant case is not one where the plaintiff's claims were "plainly invalid in view of *Alice*." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d

4

1372, 1377–78 (Fed. Cir. 2017). Further, even in a case in which a district court views patent claims as so exceptionally meritless to justify an award of fees, the Federal Circuit could reverse a district court's § 101 dismissal. *See, e.g.*, *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (reversing district court's grant of § 101 motions to dismiss and award of attorney's fees). Thus, the Court rejects Defendant's first argument for an award of attorney's fees.

Second, as to the manner in which Plaintiff pursued this litigation, Defendant argues that Plaintiff acquired patents and filed the instant lawsuit and the Dropbox Action "for the sole purpose of retaliation" in response to a patent infringement suit that Defendant filed against Dropbox, Plaintiff's parent corporation. Defendant also argues that Plaintiff failed to conduct adequate pre-suit diligence because Plaintiff refused to stay discovery and only filed this suit after Plaintiff's parent corporation, Dropbox, realized that Plaintiff rather than Dropbox owns the '541 Patent. However, "post-*Octane* decisions awarding fees have generally cited egregious behavior" as the litigation conduct necessary to support a fees award. *Vasuedevan Software, Inc. v. Microstrategy, Inc.*, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015). Even "overly aggressive litigation tactics" may not justify a fees award. *Id.* at *6; *see also Gametek*, 2014 WL 4351414, at *5 (rejecting motion for attorney's fees where allegations suggested only "an aggressive litigation strategy" by the losing party).

In this case, there is no subjective bad faith evident in Plaintiff asserting its acquired patent against Defendant after Defendant filed a patent infringement lawsuit against Plaintiff's parent corporation, Dropbox. In fact, *Defendant* asserted acquired patents against Dropbox in the other infringement lawsuit between Defendant and Dropbox. ECF No. 82-3. Moreover, Plaintiff's desire not to stay discovery given Plaintiff's belief that the patent-in-suit was patentable is entirely consistent with "good faith zealous advocacy." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2015 WL 4396201, at *3–4 (N.D. Cal. July 17, 2015) (holding that "good faith zealous advocacy [is] not exceptional"). Moreover, Dropbox's conduct with regard to the '541 Patent was not in bad faith and did not prejudice Defendant. Defendant relied on the same briefing in both

5
Case No. 18-CV-06199-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

the instant case and the Dropbox Action. *See Orcinus Holdings*, 379 F. Supp. 3d at 865.

Further, the facts of those cases in which courts have awarded fees based on litigation conduct diverge sharply from this case. For example, in *Cambrian Science Corp. v. Cox Communications, Inc.*, 79 F. Supp. 3d 1111 (C.D. Cal. 2015), the district court focused on the Plaintiff's behavior during discovery, in which the plaintiff imposed "especially burdensome" and "unnecessary" discovery requests, noticed a deposition for a holiday weekend, and engaged in "exceptionally improper" conduct. *Id.* at 1118–20. Similarly, in *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 112 F. Supp. 3d 888 (D. Minn. 2015), the district court found that four cumulative practices, including joining an additional party to increase the defendant's litigation costs, constituted litigation conduct that was "exceptionally unreasonable." *Id.* at 899; *see also Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 963 (N.D. Cal. 2015) (noting that the plaintiff's litigation conduct would justify an award of fees where plaintiff's attorney "time and time again" instructed plaintiff's expert not to answer questions during a deposition).

None of those cases involve a responsive patent infringement lawsuit or a plaintiff's mere desire not to stay discovery, like Plaintiff's conduct in this case. Plaintiff's conduct in the instant case was not so egregious as to merit an award of fees. Moreover, Defendant may be responsible for incurring some unnecessary attorney's fees. Defendant refused to consolidate the briefing on Defendant's motions for attorney's fees in the instant case and in the Dropbox Action, even though the briefing on both motions for attorney's fees and the Court's orders on the motions are largely duplicative. *See* ECF No. 82, Ex. 6. This wastes the resources of the parties and the Court.

Considering the totality of the circumstances, *see Octane*, 572 U.S. at 554, the Court concludes that the instant case is not exceptional under 35 U.S.C. § 285. Accordingly, the Court declines to exercise its discretion to award attorney's fees to Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for attorney's fees.

**IT IS SO ORDERED.**

6

Case No. 18-CV-06199-LHK
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Dated: August 13, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge